UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRACY HALSELL,
a/k/a Terrell D. Jordan

    Plaintiff,

    v.

CINCINNATI POLICE DEPARTMENT, et al.,

    Defendants.

Case No. 1:23-cv-24

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff Tracy Halsell, also known as Terrell D. Jordan, has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the

defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept

all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

**II. Analysis**

**A. Review of Plaintiff's Prior Litigation in this Court**

The same Plaintiff recently has filed multiple complaints that either have been dismissed with prejudice on initial screening, or as to which a pending Report and Recommendation ("R&R") recommends such dismissal. *See e.g.*, Case No. 1:21-cv-763-MRB-SKB (R&R filed on 1/20/22 recommending dismissal on initial screening, adopted on 10/12/22); Case No. 1:22-cv-534-DRC-KLL (pending R&R filed on 9/28/22 recommending dismissal on initial screening); Case No. 1:22-cv-536-MRB-PBS (R&R filed on 9/21/22 recommending dismissal on initial screening, adopted on 11/16/22); Case No. 1:22-cv-771-JPH-SKB (R&R filed herewith recommending dismissal on initial screening). Because the above-captioned case constitutes the fifth case filed by Plaintiff that is subject to summary dismissal, Plaintiff should be forewarned that his conduct may be considered to be vexatious.

The repeated filing of frivolous lawsuits by vexatious litigators is a well-recognized problem in the federal courts because such filings require a significant expenditure of

3

limited judicial resources. The Sixth Circuit recognizes the Court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir.1998)); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987). Without doubt, a litigant who files a case without merit wastes the resources of the court and the named defendants. *See e.g.*, *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3, 113 S.Ct. 397 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).

As stated, this is the fifth case filed by Plaintiff in this Court that has been found to be subject to summary dismissal on initial screening. The undersigned recognizes that some litigants may be unable to comprehend that their claims are fantastic or delusional. Nevertheless, the undersigned recommends issuing a clear warning to Plaintiff that if he continues to file complaints in this Court that are subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or under *Apple v. Glenn*, he may be considered to be a vexatious litigator and subjected to sanctions and/or pre-filing restrictions.

### B. Review of the Pending Complaint

In this case, the complaint identifies two Defendants: (1) the Cincinnati Police Department in Cincinnati, Ohio, and (2) the District of Columbia Metropolitan Police Department in Washington, DC. (Doc. 1-1 at 1, PageID 4). A handwritten "Statement of Claim" on the standard form used by pro se litigants states, in relevant part:

> Defendant parties both ignored phone calls, hung up in my face, took me to the psych unit for making a rape report on Rakeem Brown. Robert Hall issued a nuisance citation as calls of harassment were being made.
>
> 14th Amendment; Equal Protection

(Doc. 1-1 at 3, PageID 6). As relief, Plaintiff wants this Court "to order both CPD and DC Police to pay the plaintiff $1 million each totaling $2 million." (Doc. 1-1 at 4, PageID 7). The handwritten portion of the form is signed but not dated. (*Id.*)

Appended to the complaint form is an unsigned additional typed page that contains the following additional allegations.

> I was continually harassed by Former President personating President Barack H Obama. Personating President Barack H Obama could be guilty of rape. Former First Lady Hillary Clinton personating First Lady or Secretary of State knew her husband Former President Bill Clinton had received a letter from me and knew that Beyonce was my sister long before I knew that she knew this. Since this is true it is brought to testimony that Former President Barack H Obama indulged in sexual assault to a minor in the year of 2004 at Cincinnati State Technical and Community College. Former President Barack H Obama continually aided and abetted sexual assault, he continually aided and abetted sexual harassment, he continually aided and abetted harassment, aggravated menacing, conspiracy to murder and kidnap, rape and terrorism.
>
> Barack Obama insinuated that I would receive $20 Million then aided and abetted a number of felonious crimes. Cincinnati Police was contacted as well as Cincinnati LGBT Liaisons and DC police. All of them continued to ignore my phone calls and hang up on me including White House personnel. I am suing the DC police Department and Cincinnati Police Department for one million each totaling two million for both departments to pay 1 million dollars.
>
> Former Barack H Obama has continually harassed me and gotten away with it. Has continually aided and abetted sexual assault and rape and sexual harassment on someone who has Post Traumatic Stress Disorder. I have continually called the police because of his presence, he has continually supported child molestors [sic] Stefanie Spears, Mr. Tony Owens, and rapist Rakeem Brown. This is the reason I also am suing the Cincinnati Police Department.

5

> I have tried to file reports on Rakeem Brown, Antoine Steele, Rodrick Thompson, Beyonce, Jay Z, TARRAS Truitt, Stefanie Spears, Tyler Jordan, Tevin Lackey, Hillary Clinton, William Jordan, Anthony Coleman, William Turney, who are all guilty of rape. Cincinnati Police has continually refused to acknowledge my complaint. Former President Barack H Obama is guilty of rape, to a minor, knowing that I was a minor the year I went to Cincinnati State.

(Doc. 1-1 at 5, PageID 8).

The undersigned concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. Plaintiff's assertions are incomprehensible and illogical. The complaint contains insufficient factual detail from which this Court can discern any conceivable claim against either of the named Defendants. Indeed, the complaint consists almost entirely of allegations that are delusional or rise to the level of the irrational or "wholly incredible." Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. §1915(e)(2)(B).

### III. Conclusion and Recommendation

Plaintiff's allegations lack sufficient factual detail to state any plausible claim against either of the two named Defendants. Accordingly, **IT IS RECOMMENDED THAT:**

1. This case be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*;

6

3. Because the above-captioned case constitutes the fifth case initiated by Plaintiff *in forma pauperis* as to which dismissal with prejudice has been recommended for failure to state a claim under 28 U.S.C. § 1915(e)(2), Plaintiff should be expressly warned that if he files additional cases subject to summary dismissal on initial screening, he is likely to be deemed to be a vexatious litigator and may be subjected to sanctions and/or pre-filing restrictions.

      *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRACY HALSELL,
a/k/a Terrell D. Jordan

    Plaintiff,

    v.

CINCINNATI POLICE DEPARTMENT, et al.,

    Defendants.

Case No. 1:23-cv-24

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).